**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

WILLIAM RAY CAWLEY,

        Petitioner-Appellant,

v.

DONALD A. DORSEY, Warden;
NEW MEXICO ATTORNEY
GENERAL,

        Respondents-Appellees.

No. 96-2016
(D.C. No. CIV 93-1263)
(D.N.M.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Petitioner William Ray Cawley, a New Mexico state prisoner, appeals from the district court's denial of his habeas petition under 28 U.S.C. § 2254.[1]  We have jurisdiction under 28 U.S.C. § 2253, and affirm for substantially the same reasons as those set forth in the magistrate judge's December 1, 1995 order, and adopted by the district court.

Petitioner contends:  (1) the New Mexico extradition statutes, N.M. Stat. Ann. §§ 31-4-24 and 31-4-25, require the filing of a criminal complaint before the criminal statute of limitations may be tolled; (2) he was denied due process and equal protection of the law by his conviction on the count I charge, where the criminal statute of limitations had run on the alleged act before a complaint was filed by the State of New Mexico; (3) the application of his uncounseled prior convictions in the State of Texas to enhance his sentence on the conviction in

---

[1]    On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214, which includes significant habeas corpus amendments.  No effective date is specified for these habeas corpus amendments except for the special death penalty litigation procedures, which do not apply to this case.  Petitioner filed his § 2254 petition in the federal district court on October 28, 1993.  The district court adopted the magistrate judge's proposed findings and recommended disposition and denied the petition on December 21, 1995.  Petitioner filed his notice of appeal on January 18, 1996, and the district court entered an order granting petitioner a certificate of probable cause on January 25, 1996.  All of these events occurred well before the enactment of the new law.  Under these circumstances, we conclude that the new law does not apply to this case.  See Edens v. Hannigan, 87 F.3d 1109, 1112 n.1 (10th Cir. 1996).

New Mexico denied him due process and equal protection of the law; and (4) he was denied effective assistance of trial and appellate counsel.

The act charged in count I of the criminal information was committed in May 1968. Petitioner was charged by criminal information on November 1, 1988. The jury found that the then-applicable ten-year statute of limitations was tolled pursuant to N.M. Stat. Ann. § 40A-1-9(A) (now codified as N.M. Stat. Ann. § 30-1-9(A)), which provides that the limitations period may be tolled if a criminal defendant "shall conceal himself, or shall flee or go out of the state." The jury deemed the limitations period tolled from May 1968 through February 1979 because petitioner left the State of New Mexico and resided elsewhere during that time. Petitioner argues for the first time on appeal that the New Mexico extradition statutes require the filing of a criminal complaint before the criminal statute of limitations may be tolled. We ordinarily do not consider arguments not presented to the district court. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). This argument is therefore deemed waived.

Petitioner's argument that he was denied due process or equal protection by his conviction on the count I charge because the statute of limitations had run before a criminal complaint was filed is unpersuasive. Here, as in the district court, petitioner relies on civil cases which the magistrate judge appropriately rejected as inapplicable to criminal cases. In addition, the magistrate judge

correctly held that the New Mexico long-arm statute, by its own terms, does not apply to the criminal charge in count I of the information, see N.M. Stat. Ann. § 38-1-16(C), and so did not suspend the tolling provisions of N.M. Stat. Ann. § 40A-1-9(A) (now N.M. Stat. Ann. § 30-1-9(A)). Further, count I of the information sufficiently informed petitioner of the offense charged.

As the magistrate judge pointed out, the state district court's implicit finding that petitioner was represented by counsel in connection with his prior felony convictions in Texas is entitled to a presumption of correctness under 28 U.S.C. § 2254(d), unless one of the seven factors listed in the statute is present, or we decide that the state court findings are not fairly supported by the record. See Case v. Mondragon, 887 F.2d 1388, 1392 (10th Cir. 1989). Petitioner does not dispute that the record includes forms that he signed which state that he was counseled during those proceedings. See Appellant's App. at 17, 19, 21. Rather, he argues that he signed these forms merely because he was instructed to, and not because he truly had been represented by counsel. See Appellant's Opening Br. at 13. For the first time in his reply brief, petitioner asserts he gave information to the state and federal district courts tending to show he was not counseled during proceedings on his prior convictions. He does not indicate what this information is, however, or where it can be found in the state court record or his appendix on appeal. We therefore agree with the magistrate

judge that because petitioner has not pointed to any facts tending to show that he was not represented by counsel on his prior convictions, the state court's implicit finding that he was counseled must stand.  Petitioner is not entitled to a hearing on this issue.

Petitioner's ineffective assistance claim is also without merit.  Under Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984), petitioner must show that his attorney's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  Because we reject petitioner's claims of error, petitioner cannot show that his trial and appellate attorneys' performance fell below an objective standard of reasonableness by not presenting these claims or by not presenting them differently.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge


-5-